1
2
3
4
5

6                **UNITED STATES DISTRICT COURT**

7                **EASTERN DISTRICT OF CALIFORNIA**

8

9    FRANK DELGADO,                      **1:09-cv-01819 GSA**

10              Plaintiff,               **ORDER GRANTING PLAINTIFF'S**
                                         **MOTION FOR ATTORNEY FEES AND**
11        v.                             **EXPENSES UNDER EAJA IN PART**

12   CAROLYN W. COLVIN,[1] Commissioner
     of Social Security
13              Defendant.               **(Doc. 27)**

14

15

16        Plaintiff Frank Delgado ("Plaintiff") moves the Court to grant, under the Equal Access to

17
     Justice Act, 28 U.S.C. § 2412 ("EAJA"), $ 20,684.91 in attorney fees and $ 829.30 in expenses.
18
     The Acting Commissioner of Social Security, Carolyn W. Colvin ("the Commissioner" or
19
     "Defendant") objects to Plaintiff's motion, contending that the Social Security Administration's
20
21   position was substantially justified at each stage of this matter, thereby precluding payment of

22   fees and expenses under EAJA.  The Commissioner argues, alternatively, that the requested

23   amount of fees is excessive.  Upon a review of the pleadings, the Court grants Plaintiff's motion

24   but reduces the amount awarded in attorney fees to $ 16,377.26.[2]

25

26   _____
     [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule
27   25(d) of the Federal Rules of Civil Procedures, Carolyn W. Colvin is substituted for Michael J. Astrue as the
     defendant in this action.
28
     [2] The matter was submitted for decision on the parties' briefs.

                                        1

1

**BACKGROUND**

Plaintiff filed a complaint seeking judicial review of the decision of an administrative law judge ("ALJ") denying his application for disability insurance benefits under Title II of the Social Security Act.[3]  Doc. 1.  Plaintiff, a veteran of the Vietnam war, alleged disability from post-traumatic stress disorder ("PTSD") related to his experience in Vietnam.  Doc. 13.

This Court affirmed the ALJ's decision that Plaintiff was not disabled under the Social Security Act.  Doc. 16.  Plaintiff filed an appeal with the Ninth Circuit Court of Appeals ("Ninth Circuit").  Doc. 22.  The Ninth Circuit reversed the ALJ's decision with respect to one issue raised by Plaintiff.  Doc. 25.  Specifically, the Ninth Circuit held that the ALJ's determination, at Step 2, that Plaintiff's medically determinable mental impairment was not severe, was not supported by substantial evidence in the record.  Doc. 25 at 2.  The Ninth Circuit concluded that the evidence demonstrated that Plaintiff had a severe mental impairment and remanded the matter for the ALJ to perform "the requisite Step-3 analysis."  Doc. 25 at 2.  Upon remand, Plaintiff brought the instant motion for attorney fees and expenses pursuant to EAJA.  Doc. 27.

**THE PARTIES' POSITIONS**
**A.  Plaintiff's Motion**

Plaintiff requests fees for work performed by two attorneys on his behalf, namely Attorneys Sengthiene Bosavanh and Ralph Wilborn.  Plaintiff requests fees for a total of 115.8 hours of attorney time, including 24.3 hours of work performed by Attorney Bosavanh and 91.5 hours of work performed by Attorney Wilborn.  In monetary terms, after applying the applicable hourly EAJA rates, Plaintiff requests a total of $ 20,684.91 in attorney fees, with $ 4,326.08 and $ 16,358.83 in fees for Attorneys Bosavanh and Wilborn respectively.  Docs. 27-1 at 6-7; 33 at 19.  Plaintiff also seeks expenses in the amount of $ 829.30.  Doc. 27-1 at 7.

---

[3] Once the Appeals Council denied review, the ALJ's decision became the Commissioner's final decision.

2

1

**B.  The Commissioner's Opposition**

2

    The Commissioner filed an opposition to Plaintiff's motion for attorney fees and

3

expenses.  Doc. 19.  The Commissioner argues that Plaintiff's motion for an award of fees and

4

expenses under EAJA should be denied because the Commissioner's position (both at the level of

5

agency adjudication and during the subsequent litigation in court) was substantially justified.

6

Doc. 32 at 2, citing 28 U.S.C. § 2412(d)(1)(A).  EAJA is not an automatic fee-shifting statute and

7

a prevailing party will not be entitled to fees if the government's position was substantially

8

justified.

9

10

    The Commissioner points out that the Ninth Circuit addressed only one of seven issues

11

raised by the Plaintiff on appeal, i.e., whether substantial evidence supports the ALJ's Step-2

12

finding that Plaintiff did not have a severe mental impairment.  The Commissioner notes that

13

although the Ninth Circuit reversed the ALJ's determination as to this one issue, this Court had

14

previously affirmed the ALJ's decision in all aspects.  The Commissioner argues that the fact that

15

the two courts to consider Plaintiff's arguments came to opposite conclusions on one issue

16

indicates that a "genuine dispute" exists here and, in turn, that the Commissioner's position is

17

substantially justified.  Doc. 32 at 3-4 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (to

18

be "substantially justified," the Commissioner need not be correct but must show a "genuine

19

20

dispute").

21

    The Commissioner further argues that the record evidence demonstrates that her position

22

at each stage of these proceedings was substantially justified.  The Commissioner asserts that the

23

treating physician's opinion's regarding the severity of Plaintiff's mental impairment was

24

ambiguous and that the ALJ's decision was supported by parts of the treating physician's opinion,

25

as well as by other evidence.  Doc. 32 at 5.

26

    Finally, the Commissioner argues, in the alternative, that the number of hours expended

27

28

3

1  by Plaintiff's counsel in this case, and the corresponding amount of fees requested by Plaintiff,

2  are unreasonably high given that (1) his attorneys are experienced in disability cases; (2) the legal

3  and factual issues in this case were relatively straightforward; and (3) the efforts of Plaintiff's two

4  attorneys were duplicative.[4]  Doc. 32 at  7-8.

5      **C.  Plaintiff's Reply**

6          Plaintiff filed a reply in response to the Commissioner's opposition to his motion.  Doc.

7  33.  As a preliminary matter, Plaintiff points out that in determining whether the Commissioner's

8  position was substantially justified, "a court should address only the issue upon which the court

9

10  reversed and remanded the Commissioner's decision."  Doc. 33 at 4 (citing *Hardisty v. Astrue*,

11  592 F.3d 1072, 1076 (9th Cir. 2010).

12          Plaintiff also contends that the fact that this Court initially affirmed the ALJ's Step-2

13  determination by itself does not mean that the Commissioner's position was substantially

14  justified.  Doc. 33 at 5 (citing *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Obviously, the

15  fact that one other court agreed or disagreed with the Government does not establish whether its

16

17  position was substantially justified.")).

18          Plaintiff next argues that the fact that the Ninth Circuit explicitly found that the ALJ's

19  Step-2 determination was not supported by substantial evidence essentially forecloses the

20  Commissioner's argument that the ALJ's decision was substantially justified.  Plaintiff asserts

21  that "circuit precedent is long established that a holding that the agency's decision of the case was

22  unsupported by substantial evidence is 'a strong indication' that the position of the United States

23  was not substantially justified."  Doc. 33 at 8 (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 874

24  (9th Cir. 2005) ("Indeed, it will be only a 'decidedly unusual case' in which there is substantial

25  justification under the EAJA even though the agency's decision was reversed as lacking in

26

27  _____

28  [4] The Commissioner argues that she "should not be forced to pay increased fees simply because Attorney Bosavanh has decided to employ another attorney to actually write the remand request and briefs."  Doc. 32 at 8.

1  reasonable, substantial and probative evidence in the record.").

2      Finally, Plaintiff disputes the Commissioner's contention that Plaintiff's attorneys billed

3  an excessive number of hours in light of their experience and the straightforward nature of the

4  issues presented.  Plaintiff also disputes the Commissioner's contention that his attorneys' efforts

5  were duplicative to a large extent.  Doc. 33 at 8-19.

6                                **DISCUSSION**

7  **A.   The Commissioner's Position was not "Substantially Justified"**

8      **(1) Legal Standard**

9      An applicant for Social Security benefits attaining a remand under sentence four of 42

10  U.S.C. § 405(g) is entitled to attorney fees and expenses under EAJA, unless the Court finds that

11  the government's position—here the Commissioner's position— was "substantially justified" or

12  that special circumstances make an award unjust.[5]  *Meier v. Colvin*, 727 F. 3d 867, 869-870 (9th

13  Cir. 2013).

14      The government's position includes both its "litigation position and the underlying agency

15  action giving rise to the civil action," and "[i]t is the government's burden to show that its

16  position was substantially justified."  *Id.* at 869-870.  "Substantial justification means justified in

17  substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *Id.*

18  at 870 (internal quotation marks and citation omitted).  Put differently, in order to be substantially

19  justified, "the government's position must have a reasonable basis both in law and fact."  *Id.*

20      If the underlying agency action was not substantially justified, the court must award fees

---

[5] EAJA, 28 U.S.C. § 2412(d)(1)(A), provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

5

1  and need not address whether the government's litigation position was justified.  Alternatively, if

2  the government's position at the agency level was substantially justified, attorney fees are still

3  warranted if the government's subsequent litigation position was not substantially justified.  *Id.*

4  **(2) "Substantial Justification" Analysis**

5

6  Although this Court affirmed the ALJ's decision on every issue raised by the Plaintiff, the

7  Ninth Circuit, on de novo review, reversed the ALJ's Step-2 determination.  In determining

8  whether the Commissioner's position was substantially justified, courts evaluate only the issue

9  which formed the basis of remand.  *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010).

10  Therefore, evaluation of whether the Commissioner's position in the instant case was

11  substantially justified hinges on the reasonableness of the ALJ's Step-2 determination.

12  The Ninth Circuit reversed the ALJ's decision that Plaintiff's medically-determinable

13  mental impairment was not severe and his related finding that the case could be resolved at Step

14  2.  Doc. 25 at 2.  Contrary to the ALJ, the Ninth Circuit concluded that the evidence in the record

15

16  demonstrated that Plaintiff "has a severe mental impairment," and thus remanded the matter for

17  the ALJ to conduct the "requisite Step-3 analysis" to determine Plaintiff's residual functional

18  capacity.[6]  Doc. 25 at 2.  The Ninth Circuit analyzed the Step-2 issue as follows:

19
> In his findings of fact, the ALJ discussed the opinion of Dr Manzano, Delgado's
20  treating physician, that Delgado's "ability to make occupational, performance, and
> personal/social adjustments are fair to poor."  Also, Dr. Manzano noted that
21  Delgado "can maintain concentration and attention for at least two hour increments
> except during times of stress."  Based on this evidence accepted by the ALJ in his
22  findings of fact, we conclude that Delgado has met his burden of showing severe
> impairment under Step 2's de minimis standard.  *See Smolen*, 80 F.3d at 1290.
23  After finding the impairment "severe," the ALJ should have moved to the next
> step in the five-step process.  *See Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th
24  Cir. 2001) (citing SSR 96-3p, 1996 WL 374181 (July 2, 1996)).

25  Doc. 25 at 2-3.

26  The Ninth Circuit's analysis notwithstanding, the Commissioner argues that the ALJ's

27

28  [6] The appellate panel noted that it "express[ed] no view on whether [Plaintiff] will be able to meet his burden at Steps 3, 4, and 5."  Doc. 25 at 3.

Step-2 determination that Plaintiff's mental impairment is not severe is "substantially justified," thereby precluding fee shifting pursuant to EAJA.  Doc. 19 at 5.  Specifically, the Commissioner argues as follows:

> According to the Ninth Circuit, the ALJ failed to give appropriate weight to a portion of the treating physician's opinion (Ninth Circuit Memorandum, p. 2). However, the ALJ's findings were also supported, at least in part, by the opinion of that treating physician.  As stated above, the treating physician diagnosed PTSD, but opined, nevertheless, that Plaintiff retained the ability to understand, remember, and carry out an extensive variety of technical, complex, and simple 1-2 step job instructions (Tr. 444).  To the extent other portions of his report were inconsistent with his opinion that Plaintiff could understand and carry out technical and complex work, the ALJ was charged with resolving that ambiguity.  The ALJ reviewed the medical evidence, including the treating doctor's opinion, and reasonably resolved the ambiguities against Plaintiff (District Court Order, pp. 11-15).

Doc. 32 at 5.

The Commissioner's argument is unpersuasive because it is premised on a selective view of the evidence.  It does not sufficiently account for the parts of Dr. Manzano's opinion that support the conclusion that Plaintiff's mental impairment was severe.  For example, Dr. Manzano opined that Plaintiff experienced the following work-related problems as a result of his PTSD: he had problems with his new supervisors; he was irritable with coworkers; he had difficulty doing his work and adapting to new duties; he had some difficulty relating to the public; and he had difficulty maintaining concentration during times of stress, which was brought on by his interactions with supervisors.  AR 444.  Just as the Commissioner does here, the ALJ essentially ignored this part of Dr. Manzano's opinion.  As a result, the Ninth Circuit held that the ALJ's Step-2 finding that Plaintiff's PTSD was not severe was not supported by substantial evidence in the record. [7]  For the same reason, it was also not substantially justified.  *See Thangaraja v.*

---

[7] Other evidence in the record also indicates that Plaintiff's PTSD was severe, such as the fact that the Department of Veterans Affairs found Plaintiff disabled on account of his PTSD in 2005. AR 21; 241.  The Commissioner argues that the ALJ's Step 2 findings "are consistent with the opinion of a state agency physician who completed a Psychiatric Review Technique Form (PRTF) indicating that Plaintiff's mental impairments were not severe (ER Vol. 3, at 327)."  However, the PRTF the Commissioner points to is not signed by the state agency reviewing physician.

*Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (internal quotation marks and citation omitted).

**B.  Plaintiff is Entitled to Reasonable Attorney Fees**

Since the Commissioner's position was not substantially justified, Plaintiff is entitled, under EAJA, to recover fees for legal work performed by his attorneys on his behalf.

**(1) Legal Standard**

EAJA provides that the prevailing party in a civil action against the United States may apply for an award of attorney fees and expenses within thirty days of final judgment in the action.  28 U.S.C. §§ 2412(d)(1)(A) and (B); § 2412(d)(2)(A).  An applicant for Social Security benefits attaining a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993).

Under EAJA, attorney fees must be reasonable.  28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).  The Ninth Circuit has held that the lodestar method should be used to determine a reasonable fee under EAJA.  *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  To calculate the lodestar amount, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*; *also see Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) ("The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation.").  "Hours that are not properly billed to one's client are not properly

---

AR 327, 335.  The signed PRTF in this case appears earlier in the record.  AR 232-239.  The state agency physician who completed the signed PRTF indicates that Plaintiff's impairment appears to be severe and the case should proceed to Step 3 for assessment of Plaintiff's Residual Functional Capacity (RFC).  AR 225; 235.

billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks and citation omitted). The applicant bears the burden of demonstrating the reasonableness of the request. *Blum v. Stenson*, 464 U.S. 886, 897 (1984).

The fee amount must be determined in light of the particular facts of each case. *Hensley*, 461 U.S. at 429. The court must provide a concise and clear explanation of the reasons for its attorney award calculation. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988) ("a brief explanation of how the court arrived at its figures will do). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham*, 879 F.2d at 484; *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (the court has the obligation to exclude from the calculation any hours that were not reasonably expended on the litigation).

**(2) Lodestar Analysis**

The Court must determine the reasonable attorney fees that Plaintiff, as the prevailing party in this case, may recover. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (the district court has an independent duty to review Plaintiff's fee request to determine its reasonableness).

Two attorneys worked on Plaintiff's case. The more experienced attorney, Ralph Wilborn, a former ALJ and specialist in Social Security disability law, wrote all the briefs at both the district court and appellate court levels. The other attorney, Sengthiene Bosavanh, was the attorney of record and handled administrative tasks, interacted with the client, and reviewed filings and other documents. So as to ascertain the reasonableness of Plaintiff's fee request, the Court has reviewed the documentation submitted by these attorneys in support thereof. The Court has exercised its discretion to reduce the attorney time for which Plaintiff seeks fees because

1    some of the billed time was excessive, redundant, or duplicative.

2        **(a) Attorney Bosavanh's Time**

3            **(i)      Time Billed for Simple, Routine or Administrative Tasks**

4        At the outset, the Court notes that the time records submitted by Ms. Bosavanh reflect

5    inflated billings and do not precisely set forth the time she actually spent on the case.  Her

6    timesheet largely consists of simple, discrete tasks that generally should take no more than a few

7    seconds or at most a minute or so to accomplish.  Ms. Bosavanh, however, has billed a minimum

8    of 6 minutes or 0.1 hours of time for each of these myriad, minimalistic tasks.  For example, she

9    has billed 0.1 hours for reviewing a filing-fee receipt, 0.1 hours for reviewing a certified-mail

10   return-receipt, and 0.1 hours for reviewing the Commissioner's consent to magistrate-judge

11   jurisdiction.  The cumulative effect of many individual entries such as these—which should take

12   only a glance to perform but are billed at 0.1 hours each—greatly inflates the time billed and

13   potentially saddles the Commissioner with hundreds of dollars of unjustified fee payments.  Ms.

14   Bosavanh has similarly rounded-up, in billing increments of 6 minutes, the time she spent on

15   tasks that took somewhat longer than 0.1 hours to complete.

16       The simple, routine tasks included in Ms. Bosavanh's billing records are listed below,

17   along with the time billed for each task.  The Court has assessed the time reasonably expended to

18   perform each task at issue.  The time that the Court has determined was reasonably expended to

19   perform specific tasks is listed within square brackets at the end of each row in the list below.

20   *See Cunningham*, 879 F.2d at 484 (the court has the discretion to determine the number of hours

21   reasonably expended in the litigation, and may reduce the number of hours claimed on the basis

22   of "inadequate documentation" therefor).  The most egregiously inflated time-entries are

23   separately addressed in footnotes.

24   ///

| Date | Task Performed | Hours Billed |
|------|----------------|--------------|
| 10/15/09 | Review receipt of filing fee payment [to confirm payment] | 0.1 [1 min][8] |
| 10/16/09 | Review Court filing of summons issued and scheduling order[9] | 0.3 [4 min] |
| 10/21/09 | Review consent to magistrate judge and approve for submission | 0.1 [1min] |
| 10/21/09 | Review document for service to three government defendants;[10] Review summons returned executed | 0.5 [1 min] |
| 10/30/09 | Review of return receipt from US Attorney's Office | 0.1 [1 min] |
| 11/09/09 | Review of return receipt from [the Commissioner] | 0.1 [1 min] |
| 11/06/09 | Review of return receipt from Office of Attorney General | 0.1 [1 min] |
| 11/24/09 | Review consent to magistrate judge by [the Commissioner] | 0.1 [1 min] |
| 02/17/10 | Review of notice of lodging of administrative transcript | 0.1 [1 min] |
| 02/18/10 | Review [court's] acknowledgment of rec'pt. of admin. trans.[11] | 0.1 [1 min] |
| 04/26/10 | Write email to [the Commissioner] re: missing pages of transcript | 0.2 [5 min] |
| 05/05/10 | Follow up with [the Commissioner] re: missing transcript pages | 0.2 [5 min] |
| 05/17/10 | [Review and correct stip. for ext. of time to file Plaintiff's Opening Brief][12] | 0.3 [10 min] |
| 05/17/10 | Review of notice of lodging of supplemental record | 0.1 [1 min] |
| 05/17/10 | Review of acknowledgment of rec'pt of [supp.] transcript[13] | 0.1 [1 min] |

[8] The minutes listed in square brackets represent the time that the Court has determined was reasonably expended to perform the task listed at left.

[9] The summons and scheduling orders are standard documents issued in all social security cases. Ms. Bosavanh has filed numerous social security cases in this Court and would not require 18 minutes to review these documents.

[10] The documents authorized for service would be the complaint and the summons issued by the Court. A previous time entry shows that Ms. Bosavanh had already billed 0.4 hours or 24 minutes on 10/14/09 to review the complaint. *See* Doc. 27-2 at 2. Similarly, on 10/16/09, Ms. Bosavanh had already billed 0.3 hours for reviewing the summons and the Court's scheduling order. *Id.* There would be no need to further review the summons and complaint in depth at the time of service on Defendant (copies of which are served on other government entities).

[11] This is a one-line docket entry made on the case docket by the Court.

[12] This document contains one paragraph of text. Plaintiff filed it; then made changes; then filed an amended stipulation for which additional fees are sought. *See* time entry for 5/18/10 below.

| | | |
|---|---|---|
| 05/18/10 | Review stip. for ext. of time to file Plaintiff's Opening Brief[14] | 0.2 [5 min] |
| 05/19/10 | Review [stip. for extension of time signed by the judge][15] | 0.1 [1 min] |
| 05/29/10 | Review missing transcript pages and forward to Atty. Wilborn[16] | 0.3 [10 min] |
| 03/29/11 | Review email from Atty. Wilborn re. appealing to the 9th Circuit[17] | 0.2 [1 min] |
| 05/24/11 | Review notice of appeal fees received | 0.1 [1 min] |
| 05/24/11 | Review notice of receipt of fees[18] | 0.1 [1 min] |
| 05/24/11 | Review Court notice of case number assigned[19] | 0.1 [1 min] |
| 05/26/11 | Completed mediation questionnaire and filed with 9th Circuit | 0.3 [10 min] |
| 06/21/11 | Completed Tr. designation form and filed with 9th Circuit | 0.3 [10 min] |
| 07/19/11 | Reviewed mediation order | 0.1 [1 min] |
| 07/27/11 | Letter to mediator stating that mediation not appropriate | 0.2 [12 min] |
| 09/01/11 | [Review accuracy of 7 copies of excerpts of record] | 0.4 [10 min] |
| 09/02/11 | Review docket text from Court[20] | 0.1 [1 min] |

---

[13] This is a one-line docket entry made on the case docket by the Court.

[14] This is an amended stipulation, and, like the original stipulation, contains one paragraph of text.

[15] This stipulation, which contains one paragraph of text, was submitted by Attorney Bosavanh and she previously billed 0.5 hours for reviewing it (0.3 hours initially on 5/17/10 and 0.2 hours for reviewing an amended version on 5/18/10). The judge simply signed the amended stipulation provided by Attorney Bosavanh. Attorney Bosavanh would reasonably have reviewed the judge's signature with one glance.

[16] The "missing transcript pages" cited by Attorney Bosavanh consist of exactly 2 pages of a Psychiatric Review Technique Form, with minimal notations. It would reasonably take a few seconds to review the substantive notations on this standard form. It is implausible that Attorney Bosavanh would require 18 minutes of attorney time to review these two pages and forward them to Attorney Wilborn.

[17] The Court notes that Attorney Wilborn's records for the work done in this matter do not reflect any email sent to Attorney Bosavanh on 3/29/11. Instead his records indicate that he sent an email regarding appeal to Attorney Bosavanh on 5/24/11; however Attorney Wilborn did not bill any time for writing and sending this email. Doc. 27-3 at 1. Furthermore, Attorney Bosavanh's time records indicate that she first spoke to her client regarding an appeal to the Ninth Circuit on 5/18/11. The Court does not find it reasonable that Attorney Bosavanh has billed 12 minutes of attorney time to *read* an email that Attorney Wilborn did not bill any time to *write*.

[18] This entry appears to be duplicative of the previous entry. Expending 12 minutes to review a notice of receipt of fees by the court is excessive.

[19] Billing 6 minutes to review the case number assigned to the matter is excessive.

| | | |
|---|---|---|
| 09/07/11 | [Approve 7 copies of opening brief for mailing] | 0.2 [12 min] |
| 09/08/11 | Review Court docket text re: receipt of 7 copies of opening br.[21] | 0.1 [1 min] |
| 09/20/11 | Telephone call with opposing counsel re. EOT to file Answer | 0.1 [1 min] |
| 09/22/11 | Review 9th Circuit email re: case not selected for mediation[22] | 0.1 [1 min] |
| 09/27/11 | Review 9th Circuit email re. EOT for filing Answer granted[23] | 0.1 [1 min] |
| 11/17/11 | Telephone call with opposing counsel re. 2nd EOT to file Answer | 0.1 [1 min] |
| 12/06/11 | Review Court notice re. receipt of 7 copies of answering brief | 0.1 [1 min] |
| 12/13/11 | Call to 9th Cir. and oppos. counsel re. 14 day EOT for Reply Br.[24] | 0.2 [5 min] |
| 12/13/11 | Review Oral Extension Request filed with the 9th Circuit | 0.1 [1 min] |
| 1/04/12 | Review 7 copies of Reply briefs for filing  with 9th Cir. | 0.2 [12 min] |
| 1/06/12 | Review 9th Circuit email re: receipt of reply briefs[25] | 0.1 [1 min] |
| 10/15/12 | Review 9th Circuit calendar re. oral argument date | 0.1 [1 min] |
| 10/15/12 | Review hrg. acknowledgment form for filing with 9th Circuit[26] | 0.2 [5 min] |
| 10/17/12 | Instruct paralegal to call opposing counsel re. submitting on briefs | 0.1 [1 min] |
| 10/17/12 | Review [of] drafted Motion to Waive Oral Argument[27] | 0.2 [12 min] |
| 10/18/12 | Review order of 9th Cir. granting motion to submit case on briefs | 0.1 [1 min] |

[20] Billing 6 minutes for reviewing a docket entry is excessive.

[21] Billing 6 minutes for reviewing a docket entry is excessive.

[22] Billing 6 minutes for reviewing a brief email is excessive.

[23] Billing 6 minutes for reviewing a brief email is excessive.

[24] Billing 12 minutes of attorney time for these brief phone calls is excessive.

[25] Billing 6 minutes of attorney time to review an email confirming receipt of reply briefs by the Court is excessive.

[26] Billing 12 minutes to review this form is excessive.

[27] Attorney Bosavanh does not clarify who drafted the numerous documents that she merely reviewed.  If Attorney Wilborn drafted the documents, they would not require extensive review in light of his greater expertise and experience.  *See* Doc. 27-3.  However, if a paralegal or other non-attorney staff prepared the documents, then more in-depth review would be warranted.

| | | |
|---|---|---|
| 12/12/12 | Prepare and review 9th Cir. Bill of Costs and approve for filing | 0.3 [15 min] |
| 01/29/13 | Drafted [timesheet for EAJA petition for attorney fees][28] | 2.5 [75 min] |

**Total Time Billed:**                                          **9.9 Hours [4.1 Hours]**

The time billed by Attorney Bosavanh for many of the routine tasks enumerated above is excessive.  Other courts have similarly found Attorney Bosavanh's billing practices for routine tasks to be unacceptable. [29]  *See, e.g., Cathey v. Comm'r of Soc. Sec.*, 2013 WL 1694950 at *8 (E.D. Cal. Apr. 18, 2013) (criticizing Ms. Bosavanh's billing practices and noting that "[a]n experienced practitioner should not take 6 minutes to review, for example, a notice of lodging of administrative transcript, an acknowledgment of receipt of administrative transcript, or certified mail receipts."); *Reyna v. Astrue*, 2011 WL 6100609 at *3 (E.D. Cal. Dec. 6, 2011) (criticizing Ms. Bosavanh for billing a minimum of 0.1 hours each time she reviews a docket entry or other minor item, even though such a task "requires no more than a glance"); *Brumley*, 2013 WL 100249 at *4 (criticizing Ms. Bosavanh's practice of billing in six-minute increments for multiple "small tasks that require less than six minutes" to perform, thereby inflating the time billed); *Green v. Astrue*, 2012 WL 1232300 (E.D. Cal. Apr. 12, 2012) (criticizing Ms. Bosavanh's billing practices and noting that "[s]ix-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total").  While the Court appreciates the need for

---

[28] Although preparation of Ms. Bosavanh's timesheet for purposes of Plaintiff's motion is not a task that would take a few minutes to complete, the Court has included it in this list because preparing a timesheet is not a legally complicated or substantive task.  Here, Attorney Wilborn drafted the substantive parts of Plaintiff's EAJA fees application and also prepared his own timesheet and declaration.  He billed 1.75 hours for doing all this work (although the time he actually spent on it was 2.75 hours).  *See* Doc. 27-3.  Attorney Bosavanh has billed 2.5 hours for preparing her timesheet and declaration, and finalizing the fee application.  While Attorney Bosavanh's timesheet is longer than Attorney Wilborn's, Attorney Wilborn performed the more complex job of drafting the fee application and the memorandum in support thereof.  *See* Docs. 27-2 at 5; 27-3 at 2.

[29] Courts have repeatedly warned Ms. Bosavanh to refrain from uniformly billing 0.1 hours for scores of minimal tasks, to no effect.  *See, e.g., Lopez v. Astrue*, 2012 WL 2052146 (E.D. Cal. No. 10-1012); *Stairs v. Astrue*, 2011 WL 2946177 (E.D. Cal. No. 10-00132) (July 21, 2011); *Downey v. Astrue*, 2011 WL 1205824, at * 12-13 (E.D. Cal. April 11, 2012) (No. 1:09-cv-812 SKO); *Reyna v. Astrue*, 2011 WL 6100609, at *3 (E.D. Cal. Dec. 6, 2011) (No. 1:09-cv-00719 SMS); *Fontana v. Astrue*, 2011 WL 2946179, at *3 (E.D. Cal. July 21, 2011) (No. 1:09-cv-0932 DLB).  In light of her continued disregard for these previous court orders, Ms. Bosavanh is hereby put on notice that the next time she submits similar time records to this Court, she may likely face an Order to Show Cause as to why Rule 11 sanctions should not be imposed.

counsel to review docket entries and postal return-receipts, etc., Ms. Bosavanh's rounded-up

time-entries turn each task into a discrete 6 or 12 minute event, making the total time billed for

performing such routine tasks unreasonable.  Moreover, some of these minor tasks are semi-

clerical in nature and are generally subsumed in a law firm's overhead rather than separately

charged to the firm's clients.  *See Reyna v. Astrue*, 2011 WL 6100609 at *2 (E.D. Cal. Dec. 6,

2011), citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir.1999) ("[T]he

court should disallow not only hours spent on tasks that would normally not be billed to a paying

client, but also those hours expended by counsel on tasks that are easily delegable to non-

professional assistance.").

    As reflected in the list above, the Court has exercised its discretion to determine how

much time was reasonably expended to perform each task listed.  The Court finds that a total of

4.1 hours (246 minutes) were reasonably expended to perform these tasks.[30]

### (ii)    Time Billed for Client Contacts

    Ms. Bosavanh's billing records include several time entries for interactions with the

Plaintiff.  The Court addresses these billings together in this section, as they represent a distinct

sub-category of tasks identified in Ms. Bosavanh's billing records.  Ms. Bosavanh's billings for

contacts with the Plaintiff during the pendency of this action are listed below.

| Date | Task Performed | Hours Billed |
|------|----------------|--------------|
| 09/21/09 | In person conference with client re. fed. ct. appeal, process | 1.0 |
| 11/03/09 | Telephone call with client re. status of the case | 0.3 |
| 03/04/10 | Telephone call with client re: contract | 0.3 |

---

[30] This total of 4.1 hours or 246 minutes, calculated by adding up the time the Court determined was reasonably expended to perform each task listed above, consists of 0.18 hours (11 minutes) expended in 2009; 0.67 hours (40 minutes) in 2010; 1.2 hours (72 minutes) in 2011; 0.8 hours (48 minutes) in 2012; and 1.25 hours (75 minutes) in 2013.  The time expended in each of these years is compensable at the EAJA rate applicable to that year.

| | | |
|---|---|---|
| 10/21/10 | Draft revised fed. ct. agreement and power of attorney for client | 0.5 |
| 11/15/10 11/18/10 11/23/10 12/21/10 | Multiple telephone calls with client explaining fee agreement and brief writing arrangement; and obtaining power of attorney documents. | 0.7 |
| 12/06/10 | Draft letter to client with detailed explanation re. fed court fees | 0.4 |
| 5/18/11 | Contact client to discuss appeal and process and explain the district ct. decision and the Commissioner's arguments to client | 0.4 |
| 5/19/11 | [Telephone call with client re. district ct.'s denial and possibility of appeal to the Ninth Circuit] | 0.2 |
| 5/20/11 | [Attempted to fax district ct. order to client; sent by email instead] | 0.2 |
| 5/24/11 | Telephone call with client inquiring about fees | 0.2 |
| 9/26/11 | Telephone call with client re. status of the case | 0.2 |
| 12/21/11 | Telephone call with client re. status and information for brief | 0.2 |
| 12/12/12 | Telephone call to client about court decision | 0.3 |
| 1/14/13 | Telephone call from client re. status of case | 0.2 |

**Total Time Billed for Client Contacts:         5.1 Hours [2.5 Hours][31]**

As reflected above, Ms. Bosavanh spent 2.1 hours finalizing her fee and representation arrangements with the Plaintiff.[32]  Given the standard fee arrangements applicable in social security cases, the time spent for this purpose, and in turn, the fees sought by Plaintiff for working out a representation arrangement with his attorney, are excessive.  The Court finds that 0.5 hours of attorney time was reasonably expended for this purpose.[33]

Ms. Bosavanh also billed 2.5 hours of time to explain the district court and Ninth Circuit

---

[31] The time in square brackets is the time the Court finds was reasonably spent on communications with the Plaintiff.

[32] 0.3 hours on 3/4/10; 0.5 hours on 10/21/10; 0.7 hours on 11/15/10; 0.4 hours on 12/6/10; and 0.2 hours on 5/24/11.

[33] Of the total 0.5 hours, 0.4 hours were expended in 2010 and are payable at the 2010 EAJA rate and 0.1 hours were expended in 2011 and are payable at the 2011 EAJA rate.

16

appellate processes to the Plaintiff and to keep him informed of the status of the matter.[34]  Again, Plaintiff seeks fees for an excessive amount of attorney time expended to explain the legal process to him and to keep him informed of the status of the case.  The Court finds that 1.5 hours of attorney time was reasonably expended for these purposes.[35]

Ms. Bosavanh billed 0.2 hours to send the district court decision to the Plaintiff and 0.3 hours to talk to the Plaintiff after the Ninth Circuit reversed and remanded the matter.[36]  The Court finds that this time was reasonably expended, and will allow fees for 0.5 hours of time expended for these purposes.

In total the Court awards Plaintiff fees for 2.5 hours of attorney time spent on client contacts during the pendency of this case.[37]

(iii)    **Time billed for Reviewing Records and Briefs**

The final category of tasks included in Ms. Bosavanh's time records pertains to review of records and briefs filed in this action.  These tasks, and the time billed for performing them, are listed below.

| Date | Task Performed | Hours Billed |
|------|----------------|--------------|
| 08/26/09 | Review AC denial and ascertain merits of fed. ct. appeal | 1.0 |
| 10/14/09 | Review and approve for filing complaint; civil cover sheet | 0.4 |
| 02/24/10 | Review transcript and check contents for its entirety | 1.0 |

[34] 1 hour on 9/21/09; 0.3 hours on 11/3/09; 0.4 hours on 5/18/11; 0.2 hours on 5/19/11; 0.2 hours on 9/26/11; 0.2 hours on 12/21/11; and 0.2 hours on 1/14/13.

[35] Of the total 1.5 hours, 1 hour was expended in 2009 and is payable at the 2009 EAJA rate and 0.5 hours were expended in 2011 and are payable at the 2011 EAJA rate.

[36] Attorney Bosavanh billed 0.2 hours for faxing/emailing the district court's decision to Plaintiff; this time was expended in 2011 and is payable at the 2011 EAJA rate.  The 0.3 hours Ms. Bosavanh spent talking to her client after the Ninth Circuit issued its decision were expended in 2012 and are payable at the 2012 EAJA rate.

[37] In sum, of this total of 2.5 hours, 1 hour was expended in 2009 and is payable at the 2009 EAJA rate; 0.4 hours were expended in 2010 and are payable at the 2010 EAJA rate; 0.8 hours were expended in 2011 and are payable at the 2011 EAJA rate; and 0.3 hours were expended in 2012 are payable at the 2012 EAJA rate.

| | | | |
|---|---|---|---|
| 03/18/10 | Review and approve Confidential Letter Br. written by Atty. Wilborn | 1.0 |
| 05/11/10 | Review Commissioner's response to Plaintiff's Confidential Letter Br. | 0.2 |
| 06/09/10 | Review and approve Plaintiff's Opening Br. written by Atty. Wilborn | 1.1 |
| 07/07/10 | Review [Commissioner's Answering Brief] | 0.4 |
| 07/22/10 | Review and approve Plaintiff's reply brief written by Atty. Wilborn | 1.0 |
| 03/25/11 | Review notice re. district ct.'s decision in favor of Def.; notify client | 0.5 |
| 05/24/11 | Review 9th Cir. complaint | 0.2 |
| 09/01/11 | Review Plaintiff's Opening Br. to Ninth Circuit written by Atty. Wilborn | 1.1 |
| 12/01/11 | Downloaded Commissioner's Answer. Br., forwarded to Atty. Wilborn | 0.3 |
| 12/28/11 | Review Plaintiff's Reply Br. to Ninth Circuit written by Atty. Wilborn | 0.9 |
| 12/12/12 | [Review 9th Cir. memorandum decision in case] | 0.2 |

**Total Time Billed For Reviewing Records & Other Docs.:[38]    3.3 Hours [1.5 Hours][39]**
**Total Time Billed for Reviewing Briefs:                  6.0 Hours [2.0 Hours]**

Although generally courts must give deference to the "winning lawyer's professional judgment as to how much time he was required to spend on a case," in this case Plaintiff's counsel of record, Attorney Bosavanh did not do any of the substantive work on the case; rather she employed an attorney, Ralph Wilborn, with far more expertise and experience to write all the briefs in the case. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012). Indeed, Attorney Wilborn's declaration establishes that he has been working on social security cases since 1984, is a former ALJ, and is the author of "how-to" books on Social Security litigation. Attorney Bosavanh, in contrast, has been an attorney only since 2007, and has far less experience in Social Security litigation. Therefore, Attorney Bosavanh's "supervision" of

---

[38] This includes reviewing Appeals Council ("AC") denial, the administrative record, Plaintiff's complaints filed in the district court and the Ninth Circuit, and both courts' decisions.

[39] The time within square brackets is the time the Court has determined was reasonably expended to perform the tasks identified to the left.

Attorney Wilborn's work reasonably merits fees for no more than 2 hours of attorney time (1 hour for reading briefs prepared during litigation in the district court and 1 hour for reading briefs submitted to the Ninth Circuit).[40]  Similarly the 3.3 hours billed by Attorney Bosavanh for reviewing the Appeals Council's denial, the administrative record, complaints and court decisions are largely duplicative of the work performed by Attorney Wilborn in the course of writing all of Plaintiff's briefs in this matter; therefore this time is reduced to 1.5 hours.[41]  The Commissioner should not be required to pay fees to Plaintiff for duplicative work performed by his attorney of record simply because she chose to hire another attorney to write briefs in the case rather than writing them herself.[42]  Therefore, Plaintiff is awarded fees for 3.5 hours for review of records, complaints, briefs and court decisions by Ms. Bosavanh.[43]

**(iv)    Total Time Reasonably Expended by Attorney Bosavanh**

Therefore, in total the Court authorizes fees for 10.1 hours of work reasonably performed by Attorney Bosavanh.  This 10.1 hours includes time reasonably expended to perform routine, administrative tasks, interact with the Plaintiff, and review records, briefs, and other documents.  Of the total 10.1 hours, 2.18 hours were expended in 2009; 2.07 hours in 2010; 3.3 hours in 2011; 1.3 hours in 2012; and 1.25 hours in 2013.  *See* notes 30, 37, and 43.  The applicable hourly rates under EAJA for these years are $ 172.24; $ 175.06; $ 180.59; $ 184.32; and $ 187.02 respectively.  The Court has applied the appropriate hourly rate to the time approved for each of the years 2009-2013, and finds that Plaintiff is entitled to an attorney fee award of $ 1,807.23 for

---

[40] Of this total time of 2 hours, 1 hour was performed in 2010 and 1 hour in 2011.

[41] Of this total time of 1.5 hours, 1 hour was expended in 2009, 0.3 hours in 2011, and 0.2 hours in 2012.

[42] *See*, e.g., *Reyna v. Astrue*, 2011 WL 6100609 at *4 (E.D. Cal. Dec. 6, 2011) (No. 1:09-cv-00719 SMS); *Fontana v. Astrue*, 2011 WL 2946179 (E.D. Cal. July 21, 20011) (No. 1:10–cv–0932–DLB); *Stairs v. Astrue*, 2011 WL 2946177 at *2 (E.D. Cal. July 21, 2011) (No. 10-00132-DLB); *Von Berckefeldt v. Astrue*, 2011 WL 2746290 (E.D. Cal. July 14, 2011) (No. 1:09–cv–01927–DLB); *Roberts v. Astrue*, 2011 WL 2746715 (E.D. Cal. July 13, 2011) (No. 1:09–cv–01581–DLB).

[43] Of this total time of 3.5 hours, 1 hour was expended in 2009, 1 hour in 2010, 1.3 hours in 2011, and 0.2 hours in 2012.

time reasonably expended by Attorney Bosavanh in this matter.

**(b) Mr. Wilborn's Time**

Plaintiff seeks attorney fees for 91.5 hours of work performed by Attorney Wilborn, including 35.5 hours of work on Plaintiff's appeal to the district court, 50 hours of work on Plaintiff's appeal to the Ninth Circuit, and 6 hours of work on Plaintiff's application for EAJA fees.  As discussed below, the Court grants Plaintiff's request for fees for Attorney Wilborn's work on his appeal to the district court and on his application for EAJA fees.  However, Plaintiff's request for 50 hours of attorney time for briefing his appeal to the Ninth Circuit is excessive; the Court finds that Mr. Wilborn reasonably expended 40 hours in preparing these briefs.  In sum, the Court finds that Mr. Wilborn reasonably expended 81.5 hours on this matter and awards Plaintiff attorney fees of $ 14,570.03 for his work.

**(i)      District Court Litigation**

Plaintiff seeks attorney fees for a total of 35.5 hours of legal work performed by Attorney Wilborn in the course of litigating the case before the district court.  Attorney Wilborn spent 14.5 hours to review the record and draft Plaintiff's Confidential Letter Brief.  He spent 10 hours to review relevant records and draft Plaintiff's Opening Brief, and 9.25 hours to review relevant records and prepare Plaintiff's Reply Brief.  Finally, he spent 1.75 hours to review the magistrate judge's decision in the case, assess the merits of an appeal, and draft a memo to file recommending appeal.  The Court finds the time expended to perform these tasks is reasonable. Plaintiff is thus entitled to fees for 33.75 hours of attorney time payable at the 2010 EAJA rate of $ 175.06, i.e., $ 5,908.28; and 1.75 hours of attorney time payable at the 2011 EAJA rate of $ 180.59, i.e., $ 316.03.  In  sum, Plaintiff is awarded $ 6,224.31 in attorney fees for Attorney Wilborn's work on Plaintiff's appeal to the district court.

///

1

(ii)        **Ninth Circuit Litigation**

2

Plaintiff seeks attorney fees for a total of 50 hours of legal work performed by Attorney

3

Wilborn in briefing his case to the Ninth Circuit.  More specifically, Attorney Wilborn spent 24.5

4

hours to prepare Plaintiff's Opening Brief and 25.5 hours to prepare Plaintiff's reply brief.  Given

5

that the litigation before the Ninth Circuit consisted of a third round of briefing in this case after

6

the exchange of letter briefs and the briefing presented to the district court, the Court finds 50

7

hours to brief the same issues to the Ninth Circuit excessive.

8

9

A review of the Opening Brief reveals that it is clogged with a laundry list of claims and is

10

overlong, with little legal expertise applied to identify the strongest arguments and present them

11

in a lean, focused fashion.  *See Reyna v. Astrue*, 2011 WL 6100609 at *6 (E.D. Cal. Dec. 6, 2011)

12

(No. 1:09-cv-00719 SMS), aff'd by *Reyna v. Comm'r of Soc. Sec.*, 548 F. App'x 404, 405 (9th

13

Cir. 2013) (affirming the district court's reduction of attorney fees for Mr. Wilborn because "the

14

issues in the informal and opening briefs overlapped and the briefs wasted court time because

15

they failed to winnow the issues, emphasize the strong arguments, and discuss the most relevant

16

law").  Virtually all the issues from the Plaintiff's briefing to the District Court overlapped with

17

the issues raised before the Ninth Circuit.  *See, e.g., Stairs v. Comm'r of Soc. Sec.*, 522 Fed. App'x

18

385, 386 (9th Cir. 2013).  In addition, the arguments presented are relatively straightforward and

19

based on well-established law that an attorney with Mr. Wilborn's experience would be well

20

familiar with.  Finally, the Ninth Circuit's decision addressed only one of the numerous issues

21

raised by Plaintiff, namely that the ALJ's Step-2 determination was erroneous.  *See Reyna*, 548 F.

22

App'x at 405 (affirming reduction of attorney fees for preparing briefs where "[t]he briefs …

23

raised numerous alternative arguments that the court did not consider and found to be unfocused

24

and unnecessary").  In light of these factors, the Court finds the time reasonably expended to

25

prepare Plaintiff's Opening Brief was 20 hours.  For the same reasons, the Court finds that the

26

27

28

time reasonably expended to prepare Plaintiff's Reply Brief was also 20 hours.  Accordingly, Plaintiff is entitled to fees for a total of 40 hours of work on Plaintiff's appeal to the Ninth Circuit.  Attorney Wilborn performed this work in 2011, when the prevailing EAJA rate was $ 180.59.  Plaintiff is thus entitled to fees in the amount of $ 7,223.60 for the preparation of his Ninth Circuit briefs.

> **(iii)    Plaintiff's Application for EAJA Fees**

Plaintiff seeks attorney fees for a total of 6 hours of Attorney Wilborn's work in preparing his application for EAJA fees and supporting documentation.  The Court finds that the time requested is reasonable.  The work was performed in 2013, when the prevailing EAJA rate was $ 187.02.  Plaintiff is therefore entitled to attorney fees in the amount of $ 1,122.12 for the preparation of his application for EAJA fees.

> **(iv)    Total Time Reasonably Expended by Attorney Wilborn**

As discussed above, Plaintiff may recover reasonable attorney fees under EAJA for Attorney Wilborn's work in briefing Plaintiff's appeal to the District Court, in briefing Plaintiff's appeal to the Ninth Circuit, and in preparing Plaintiff's application for EAJA fees.  The Court has determined that Attorney Wilborn reasonably expended 35.5 hours, 40 hours, and 6 hours for these tasks respectively, resulting in a total of 81.5 hours of attorney time expended.  Applying the applicable statutory maximum hourly rates under EAJA to the hours worked, Plaintiff is entitled to $ 14,570.03 in attorney fees for Attorney Wilborn's work.

///

///

///

///

///

1

2

**CONCLUSION AND ORDER**

3

    Plaintiff's motion for attorney fees and expenses is GRANTED IN PART.  Plaintiff is

4

awarded $ 1,807.23 in attorney fees for work by Attorney Bosavanh and $ 14,570.03 in attorney

5

fees for work by Attorney Wilborn, for a total attorney fee award of $ 16,377.26.  Plaintiff is also

6

awarded $ 829.30 in expenses.  These attorney fees and expenses shall be paid to Plaintiff in

7

accordance with the procedures set forth in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

8

9

10

IT IS SO ORDERED.

11

    Dated:   **May 30, 2014**                         **/s/ Gary S. Austin**

12

                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28